# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

### No. 517

WOOD & SELICK CO. v. HUFFMAN CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1621. Decided March 8, 1926

480. EVIDENCE—Parol evidence is admissible where averments show goods to have been sold by sample.

YOUNG, J.

This action grows out of an alleged contract for the purchase and sale of sugar by the John Huffman Co. from the Wood Selick Co. ;

The Huffman Co., it seems, gave an order for a carload of white sugar at a certain price. The sugar was delivered but refused by the Huffman Co. for the reason that it did not conform to samples. The Wood & Selick Co., then offered to sell the sugar for less than the price formerly quoted and the Huffman Co. agreed to have the sugar taken from the car and stored pending its decision to accept said sugar while experiments were made with samples thereof to determine its adaptibility for use by the Huffman Co.

At the conclusion of the test made with said sugar, the Huffman Co. notified the Wood & Selick Co. that the sugar was held subject to its disposal. The Wood & Selick Co. brought suit in the Lucas Common Pleas for the purchase price. Huffman Co. in its answer and cross-petition asked for the return of the money already paid by it. The jury rendered a verdict in facor of the Huffman Co.

Error was prosecuted and it was claimed that the court's permitting testimony on behalf of the Huffman Co. in reference to samples produced by the Wood & Selick Co. at the time of giving the order, was error, on the ground that the alleged contract entered into between the parties made no mention of the fact that the surgar was purchased by sample. Error was also assigned for the court's allowing parol testimony because it varied the terms of a written contract. The Court of Appeals held:

1. Where a contract is ambiguous and is not susceptible of a reasonable construction without taking all surrounding elements into account, and where averments show goods to have been sold by sample, parol evidence is admissible so that the rights of the parties may be determined.

2. The question whether this was a sale by sample, and whether the sugar measured up to the samples in color, grade, quality or was free from defects claimed by the Huffman Co., were for the jury.

3. Exhibits and samples used at the trial bear out the contentions made by the Huffman Co. as to the condition of the sugar. Parol evidence for this reason, is admissible.

4. The issues having been presented to the jury on the evidence and under a proper charge of the court, the verdict and judgment are correct.

Judgment affirmed.

Attorneys—Tracy, Champman & Welles, and Frank M. Coburn and Frank H. Harrington for Wood & Selick Co.; Fraser, Hiett & Wall and Geo. E. Effler for Huffman Co.; all of Toledo.

### No. 518

### LOWE v. LOWE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6354. Decided April 19, 1926.

114. ATTORNEY AND CLIENT—A court of equity may orded payment of attorneys fees for services rendered a trust estate.

LEVINE, P. J.

Question arose in this case, whether or not a common pleas court may order payment of attorney's fees out of a trust estate, for services rendered to such estate.

Chas. Lowe was trustee of the estate and Armstead Lowe beneficiary thereof. The attorneys, after rendering service to the estate were allowed fees for such service by the Cuyahoga Common Pleas. The trustee prosecuted error and the court of Appeals held:

1. The services rendered were in connection with a trust estate.

2. Courts of equity have jurisdiction of trust estates and may supervise and control them.

3. The order allowing the fees is in the exercise of the inherent power of a court of equity to supervise the trust estate.

Judgment affirmed.

Attorneys—Smart, Ford, Tilden and Henry for Chas. Lowe; Henderson, Quail, Siddall and Morgan for Armstead Lowe; all of Cleveland.